## SUPREME COURT.

In the Matter of the Application of JAMES A. DEANE for a peremptory *mandamus* agt. THE BOARD OF SUPERVISORS OF GREENE COUNTY.

*Mandamus — When will not issue to compel the board of supervisors to cancel the audit of services to a de facto coroner.*

Where a board of supervisors acting as county canvassers decided that K. and not G. had been elected coroner of Greene county, and gave to him the certificate of election, and K. entered upon and performed the duties of such office until ousted from office by judgment of this court in action by the *People ex rel. G.*, to recover possession of the office, K. presented a bill to the supervisors for services and disbursements as coroner, properly verified, which the board audited and incorporated the amount thereof in the tax levy, and issued a certificate to K. for such amount, which was by him assigned to a *bona fide* holder, for value, previous to the institution of this proceeding, which seeks to compel the board to cancel the audit and allowance:

*Held*, that the *mandamus* asked for should be refused for the following reasons:

*First.* The board of supervisors by awarding to K. the certificate of election as coroner, authorized and empowered him to act as such, and as such services were valuable and legal, there is no impropriety or illegality in their audit or payment.

*Second.* As G. cannot obtain an allowance of the same bill from the county, but his remedy, if any he has, is against K., there is no property nor money of the county to be wasted, which gives the relator, as a taxpayer, any standing to maintain the proceedings.

*Third.* If the audit to K. is illegal it can be reviewed by *certiorari*, or an action brought to recover the money paid thereon, when paid.

*Fourth.* As the certificate was issued in good faith to K. and was assigned to a *bona fide* holder, for value, before this proceeding was instituted as against such *bona fide* holder, the county is remediless.

*Special Term, January*, 1884.

Motion for a *mandamus* to compel the supervisors to cancel the audit of services to a *de facto* coroner.

*Griswold & Cornell*, for motion.

*Werner & Chase*, opposed.

WESTBROOK, *J.* —Want of time prevents the preparation of a formal opinion, and I content myself with this memorandum.

The facts are as follows: The board of supervisors of Greene county, acting as county canvassers, at its annual meeting in 1882, decided that William Kortz, and not Andrew H. Getty, had been elected coroner of Greene county, and gave to him the certificate of election. In reaching the conclusion that Kortz and not Getty was chosen, the board refused to count and allow to Getty certain ballots on which his name was printed with a different middle letter, on the ground that it had no power to go back of the ballot to ascertain the intent of the voters. The supreme court, both at special and general terms, confirmed the action of the board by refusing a *mandamus* to compel it to count for Getty the ballots printing his name with a wrong middle letter. (This action of the supreme court is not set out in the motion papers, but the court takes judicial cognizance of its own proceedings.) Kortz acted as coroner in good faith, and performed services as such until November 13, 1883, when he was ousted from office by the judgment in the action brought in this court by the people and Andrew H. Getty against him to recover possession of the office. For services in the office of coroner and disbursements in rendering such services, all of which were rendered and disbursed previous to the judgment of ouster, Kortz presented a bill properly verified, to the supervisors of Greene county, at its annual session in 1883, for audit and allowance. It was audited and allowed by the board in good faith, the amount thereof incorporated in the tax levy, and a certificate duly issued to Kortz for the amount thereof, which had

been assigned to a *bona fide* holder for value, previous to the initiation of this proceeding, which seeks to compel the board to cancel the audit and allowance. The *mandamus* asked is refused for the following reasons : 1st. The board of supervisors of Greene county, by awarding to Kortz the certificate of election as coroner, authorized and empowered him to act as such ; and as such services were valuable and legal, there is no impropriety or illegality in their audit or payment. It is possible (but on that point no definite opinion is expressed) that under section 1953 of the Code of Civil Procedure, Getty may recover from Kortz the 'fees and perquisites of the office covered by and included in the audit, but it is clear ' that Getty, who did not render the services nor disburse the money, could not obtain payment therefor from the county, nor could he truly swear, which he must do to obtain the allowance, that he had rendered the services and made the disbursements. The granting of the *mandamus* would therefore exempt the county from payment for lawful services of which it had the full benefit. 2d. As Getty cannot obtain an allowance of the same bill from the county, but his remedy, if any he has, is against Kortz, there is no property nor money of the county to be wasted, which gives the relator, as a taxpayer, any standing to maintain the proceeding. 3d. If the audit to Kortz is illegal it can be reviewed by *certiorari*, or an action brought to recover the money paid thereon, when paid. 4th. A certificate was issued in good faith to Kortz and was assigned to a *bona fide* holder for value, before this proceeding was initiated, and as against such *bona fide* holder for value of the certificate, the county is remediless (*People* agt. *Fitzgerald*, 54 *How.*, 1) ; and 5th. The exercise of a sound discretion forbids its issue.

As the proceeding was instituted in good faith, and presents a new and reasonable question for adjudication, in which the relator has no greater personal interest than any other taxpayer of Greene county, the application for a *mandamus* is denied, without costs. •